By the court,
A party injured by breach of an agreement, at his election, may have either of two remedies; he may bring an action at common law, and recover damages for the injury, or he may bring a bill in equity, and compel the other party to perform the agreement specificaly.
An agreement is understood to be performed specificaly, when the parties are put into the state in which they would have been, if the agreement had been punctually performed. If this be not the true criterion by which decrees in such cases ought to be examined, let the fallacy of it be shewn.
I* it be the true criterion, we will suppose the agreement to have been punctually performed, that is, that soon after the signature of it one party had procured the survey to be made and had conveyed the land, and the other party had sealed and delivered his bonds for payment of the purchase money, in such a case,
If the plaintiff had brought a bill praying a decree for sale of the lands in order by the product of sale to raise the purchase money, the question would be, ought the court of equity to decree, or rather hath the court of equity power to decree the sale?
To authorise the decree some decisions by the english court of chancery, in cases said to be similar to this, were produced by counsil for the plaintiffs; and others, to the same purpose; were said by him to be «extant, but the similitude of those produced is not admitted, and, if it were admitted, and the number of them were greater, the example will not be followed by this court, until the judge thereof shall be convinced, otherwise than by precedents only, that he hath power to make such a decree in the ease supposed; and if he hath not the power in the case supposed, he hath it not, as is believed in the principal case.
*The ground for interposition by the court of equity in decreeing execution of agreements seemeth to be this: for injury by breach of an agreement the court of common law can only award a compensation in damages, which cannot be certainly known to be commensurate exactly to the injury, because the things compared are heterogeneous, so that by no standard, common to both, their equality or difference can be discerned, the action at common law therefore is not an adaequate remedy.
But the court of equity can decree performance of the agreement, which performance expunges the injury itself. The bill in equity therefore is an adaequate remedy.
The terms adaequate remedy are relative, an adaequate remedy must be accommodated to the wrong which is to be redressed by it. the manifest analogy between an adaequate remedy and its correlative wrong, limits the progress of the former by the extent of the latter, the remedy, which doth more than redress the wrong, is not adaequate,— so far as it goeth beyond the wrong, is not a remedy, unless its metaphorical sense, in which it is here used, vary from its proper sense, any more than the remedy in medicine, whose virtue and efficacy are adapted peculiarly to some certain disease, and are adequate to it, can be called a remedy for a different disease.
Now what is the wrong of which the plaintiffs complain, and for which they seek redress? the question is answered in these words in their own bill: ‘but now so it is that the said Carter Nicholas hath altogether refused to comply with his agreement aforesaid, and will neither attend to have the boundaries of the land laid off, nor accept a deed for the same, or pass or seal and deliver his bonds for the purchase money, which is contrary to equity.’
If the court decree the land to be sold for payment of the purchase money, it would decree something to be done, not which the parties agreed, but which the parties did not agree should be done, and, under pretext of exercising a power to administer a remedy for redress of a wrong in non performance of an agreement, would extend that agreement to a subject manifestly not in contemplation of the parties, creating another wrong for the sake of administering a remedy to redress it.
If indeed the defendent, after the days of payment elapsed, had brought a bill for execution of the agreement, the court would have allowed the present plaintiffs to retain the legal title oppignerated in equity for the purchase money, until it should be paid or secured, where the party, against whom a bill for execution of an agreement is brought, shews that a strict execution *would be inequitable, and prays that a decree may not be made but upon such terms as are equitable, the court which is not bound to make any decree of it seem not equitable, may impose those terms upon the plaintiff, or, if he will not submit to them, may dismiss his bill, leav *262 ing him to his remedy by action at common law; but where the party bringing a bill for execution of an agreement, alledging that the execution will not sufficiently relieve him, prays a decree for something more which the agreement doth not comprehend, the court of equity cannot, as is conceived, justify such an amplification of the plaintiffs remedy, the court can only decree an execution in both cases, the difference between them is that in one the court witholds the remedy, which it hath power to grant, but is not obliged to grant, until the defendent will consent to do something which will make the decree an equitable adjustment; in the other it doth not withold the remedy.
The plaintiffs counsil objected, that the decree reserves liberty to the defendent, at any time indefinitely, to demand a conveyance, upon payment of the consideration money and interest, which is unreasonable, but the plaintiffs might have prevented it, by consenting to a rescission of the agreement, according to the prayer of the de-fendent’s bill, instead of pressing for a dismission of the bill, — may prevent it now, by consenting to this addition to the decree, ‘that the defendent be barred of his title to the land, and restore the possession thereof to the plaintiffs, unless he pay to them the debt, interest and costs before a time to be limited,’ the consequence of which would be a discharge of the debt, if the plaintiffs will nót consent to this, the decree must remain.
If the defendent had brought a bill for execution of the agreement, and the cause had come on to be heard, before the day of payment had elapsed, perhaps the court would have decreed the conveyance upon his ■sealing and delivering his bonds for payment of the purchase money, unless his credit appeared to be more dubious than it was at the time of the agreement; because this court cannot discover that it hath power to alter ag'reements by supplying defects in the securities thereby stipulated by the parties themselves, if the court would not have decreed the conveyance upon those terms, the consequence is not that the decree must have subjected the land to sale for payment of the purchase money, the court either might have refused to make any decree, so that the party must have resorted to his remedy at common law, or might have decreed the conveyance upon the terms of paying or securing the purchase money, whereby the debt would be so far a lien upon the land, that before *one was paid, or secured, the title to the other would not be conveyed. but this would have been a different decree from that now desired, for subjecting the land to sale for payment of the purchase money, or so much as will be thereby raised, charging the purchaser with a deficiency. — a decree which not only is not justifiable by the agreement but, which, in one event seeming not improbable, would give the sellers a double satisfaction for the same thing; for-if the land be sold, and the sale produce not the whole purchase money, for example not more than half, which the defendent supposed equal to the full value of it, the plaintiffs, for the same land, besides that product, will recover from the defendent, if he be able to pay it, the other half of the purchase money- — a decree asked, without grace, as is conceived, from a court, of whose attributes one is a power and disposition to alleviate, instead of aggravating the burdens which legal rigor sometimes imposes.